NICHOLAS MARIANO, JOANN
MARIANO and TREASURE COAST
INTERIORS, INC.,

                **Plaintiffs,**

-vs-                                     **Case No. 6:10-cv-1213-Orl-22KRS**

ETHAN ALLEN INTERIORS, INC.,
DAVID L. OLSON and FAROOQ
KATHWARI

                **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANTS' MEMORANDUM OF LAW REGARDING AMOUNT OF ATTORNEY'S FEES (Doc. No. 85)** |
| **FILED:** | **July 12, 2011** |

## I.    PROCEDURAL HISTORY.

       In their amended complaint, which was removed to this Court, Plaintiffs Nicholas and

Joann Mariano and Treasure Coast Interiors, Inc., sued Defendants Ethan Allen Interiors, Inc.,

David L. Olson and Farooq Kathwari claiming breach of contract, implied contract-unjust

enrichment, failure of the Melbourne store, fraudulent inducement, breach of covenant of good

faith and fair dealing, and violation of Florida's Deceptive and Unfair Trade Practices Act. Doc. No. 2. Treasure Coast had been a distributor, dealer or single line retailer of Ethan Allen furniture. The suit arose as a result of Ethan Allen's termination of that relationship. *Id*. ¶ 7. Treasure Coast was a family business, owned and operated by Nicholas and Joann Mariano. *Id*. ¶ 9.

Defendants filed a motion for remand, a motion to dismiss and a motion for sanctions against Plaintiffs' counsel. Doc. Nos. 20, 28, 37. After reviewing Defendants' motion to remand and the Court's pronouncements regarding the *res judicata* effect of prior litigation between the parties in state court, the Marianos and Treasure Coast voluntarily dismissed their claims without prejudice. Doc. Nos. 76, 77.

This Court awarded Rule 11 sanctions against Plaintiffs' counsel for the claims brought on behalf of Nicholas and Joann Mariano in their personal capacities. Doc. No. 80 at 12-14. The Court found that the Marianos did not have standing to recover for injuries that were primarily Treasure Coast's. *Id*. at 12 As a sanction, the Court awarded Defendants attorneys' fees and costs specifically related to the inclusion of the Marianos as parties. *Id*. at 13.

Defendants filed a motion for attorneys' fees and costs, claiming entitlement to $33,850.00 for their work on the Marianos' claims. Doc. No. 85. In support of their motion, Defendants filed the following: an affidavit of Attorney Edward Wood Dunham with attached time sheets for Dunham, Attorneys John Doroghazi and Natalie Shonka and Paralegal Rachel Celano, and biographies of each attorney, Doc. No. 85-1; an affidavit from Attorney John Doroghazi stating which time entries related to the motion to dismiss, to the motion for sanctions, and which time entries would have been incurred if only Plaintiffs' sanctionable claims had been included in the

complaint, Doc. No. 85-2; an affidavit from Attorney Mary Leslie Smith stating which time entries from her law firm were related to the motion to dismiss, the motion for sanctions, and otherwise incurred due to the Marianos' claims, with attached time sheets for Smith, Attorney Kevin Reck and Paralegal Stephanie Scott, and included a biography for Smith, Doc. No. 85-3; and an affidavit from Defendants' fee expert, Attorney Christopher Skambis, regarding the reasonableness of counsel's fees. Doc. No. 85-4. Plaintiffs responded to the motion, stating that an appropriate amount for the sanction would be $10,000.00. Doc. No. 88. The matter was referred to the undersigned for issuance of a Report and Recommendation. Doc. No. 89.

## II.     APPLICABLE LAW.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the United States Supreme Court stated, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id.* at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee

applicants must provide "'fairly definite information'" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Serv., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002). The Court "is itself an expert on the question [of reasonable fees] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (internal citations omitted).

## III. ANALYSIS.

Plaintiffs do not object to the hourly rate of any of Defendants' timekeepers, and they do not object specifically to any of the individual time entries or costs. However, they object to the percentage of fees Defendants assert were spent solely on the Marianos' claims.

Defendants claim entitlement to $33,850.00 in fees and costs related to the Marianos' claims as a percentage of the total fees and costs of $74,993.00 in the case. Defendants base their claim on three categories of time: (1) attorneys' fees and costs due to the mere filing of the lawsuit; (2) attorneys' fees for the motion to dismiss; and (3) attorneys' fees for the motion for sanctions.

In the first category, fees and costs due to the filing of the lawsuit, Defendants include fees and costs for the notice of removal, corporate disclosures, pro hac vice motions, a case management order, attending a case management conference and Rule 26(f) disclosures. Doc. No.

85 at 2-3.  Defendants claim $23,254.07 for that category, including $2,800.00 paid to the attorneys' fee expert in conjunction with the motion for attorneys' fees.

The second category includes fees for Defendants' motion to dismiss and reply brief, including research and drafting.  Doc. No. 85 at 3-4.  Defendants claim that their total attorneys' fees and costs related to the motion to dismiss was $11,902.50, and they claim that 50% of that amount, $5,951.25, was related to the Marianos' claims and should be awarded as a sanction.

The third category includes fees for research and drafting Defendants' motion for sanctions and reply brief, including a notice to the Court related to those filings.  Doc. No. 85 at 4-5.  Defendants claim $9,489.00 total in attorneys' fees for the motion for sanctions, and argue that 25% of this amount, $2,372.25, was related to the Marianos' claims.  They also argue that out of total attorneys' fees and costs of $2,446.50 on reply briefs, 100% was related to the Marianos' claims.

Plaintiffs contend that the separate claims brought by the Marianos were solely for damages as to the fraud count.  The assert that the majority of the papers filed and work performed by Defendants' counsel was directed at the issues of res judicata and collateral estoppel, for which sanctions were not awarded.  Plaintiffs argue that 1.5 out of 25 pages of Defendants' motion to dismiss were spent addressing the Marianos' claims and that no pages of the reply addressed those claims.  Doc. Nos. 28, 43.  In addition, Plaintiffs assert that 4 out of 25 pages of Defendants' motion for sanctions were spent on the Marianos' claims and no part of the reply addressed those claims.  Doc. Nos. 37, 50.

The Court will determine a reasonable fee based on a reasonable hourly rate and the reasonable hours expended on litigating solely the claims made by the Marianos' in their personal capacities.

A.    Reasonable Hourly Rate.

Defendants request hourly rates of $525.00 for Edward Wood Dunham, Esq., $435.00 for Mary Leslie Smith, Esq., $395.00 for Kevin A. Reck, Esq., $235.00 for Natalie Shonka, Esq., $220.00 for John M. Doroghazi, Esq., $160.00 for Paralegal Rachel Celano and $100.00 for Paralegal Stephanie Scott. Defendants provide an affidavit from Attorney Dunham in which he avers that his law firm actually charged Defendants these rates for his work, and the work of John Doroghazi, Natalie Shonka and Rachel Celano. Doc. No. 85-1 at 2. Attorney Mary Leslie Smith avers that her firm billed Defendants these rates for her work and for the work of Kevin Reck and Stephanie Scott. Doc. No. 85-3 at 1-2. Defendants also provided an affidavit from Christopher Skambis, an attorney in Orlando, who averred that the rates charged are reasonable for the Middle District of Florida. Doc. No. 85-4 ¶ 7. Based on these affidavits and the lack of objection to the hourly rates, I find these hourly rates to be reasonable for purposes of this case alone.

B.    Reasonable Hours Expended.

The Court ordered sanctions to be awarded in the form of "attorney's fees and costs related to the expense of litigating allegations of Plaintiff and Nicholas and Joann Mariano's injury in their personal capacity . . . ." Doc. No. 80 at 13. The issue of how to determine the work

performed solely related to litigation of the Marianos' personal claims has been referred to the undersigned.[1]

      1.       *Attorney's Fees and Costs Associated with the Mere Filing of the Case.*

Regarding Defendants' first category of fees, work that was necessitated by the mere filing of the case, Defendants ask the Court to award fees for work they would have had to perform if only the Marianos claims had been filed.

The Court did not award sanctions for filing the case and removing it to this Court; it awarded sanctions only for work required solely arising from the inclusion of the Marianos' claims brought in their personal capacities. Accordingly, fees are not appropriate for work that counsel for Defendants would have been required to do even if the Marianos' personal claims were not included in the case, such as preparing the case management report, corporate disclosure statement, initial disclosures, motions for special admission of certain attorneys, and the like.

In support of the request for this category of fees, Attorneys Doroghazi and Smith provided affidavits that identified the work performed only by the name of the professional, the date of the work, and the number of hours claimed. Doc. No. 85-2 ¶ 6; Doc. No. 85-3 ¶ 6. After reviewing the description of the work performed as reflected in the time sheets, the Court finds only one time entry in this category that describes work performed solely because of the personal capacity claims filed by the Marianos, as follows:

---

[1] With respect to the reasonable number of hours worked, Attorney Skambis based his opinion of the reasonable number of hours on the Defendants' identification of the work related to litigating the Marianos' personal claims. Doc. No. 85-4 at 4. For the reasons addressed herein, I conclude that the Defendants' identification of the work related to litigating the Marianos' personal claims was overstated. Therefore, I do not rely on Attorney Skambis's opinion regarding the reasonable number of hours worked solely on litigating the Marianos' personal claims.

| Doroghazi | 8/11/10 | E-mail P. Lucas re protective order; review protective order; <mark>review amended complaint and complaint to determine if citizenship of Marianos is alleged</mark>; confer with L. Smith re changes to notice of removal; confer with P. Banks <mark>research issue about alleging citizenship of plaintiffs when moving for removal</mark> | 4.8 hours (out of 4.8 hours recorded for this work) |
|---|---|---|---|

I recommend that the Court find that 2.0 hours is reasonable for the highlighted work performed on 8/11/10. At Attorney Doroghazi's hourly rate of $220.00, the reasonable attorney's fee for this work is $440.00.

Defendants also seek costs in this category, specifically $2,800.00 for the fees of Attorney Skambis, their fee expert, and $1,284.07 in general "costs." Doc. No. 85 at 3. Attorney Skambis averred that he worked 8 hours reviewing the files and preparing his opinion. Doc. No. 85-4 ¶ 9. At his customary rate of $350.00 per hour, which the Court finds reasonable for his work in the absence of objection, the fee of $2,800.00 for his work is reasonable.

Attorney Smith, local counsel for Defendants, avers that her law firm billed Defendants $1,254.07 in costs related to litigating the Marianos' personal claim. Doc. No. 85-3 ¶ 6. Review of the attached costs summaries reflects that the total charges as follows:

|  |  |
|---|---|
| Facsimile charge | $  1.00 |
| Photocopying charges | $405.30 |
| Shipping/courier/messenger services | $812.49 |
| Recording/Filing Fees | $350.00 |
| Pro Hac Vice Special Appearance Fees | $ 20.00 |
| Mailing Expenses | $  6.88 |
| Unidentified expenses | $329.49 |
| Pacer Charges | $  1.28 |

Smith's opinion that the costs sought relate to litigating the Marianos' personal claims is insufficient, standing alone, for the Court to conclude that the costs sought related solely to the personal capacity claims. Indeed, the filing fee sought of $350.00 appears to be the fee paid to remove the case to this Court. Removal was not related solely to the Marianos' personal capacity claims. Therefore, the record is insufficient to support an award of any of these general "costs."

Accordingly, I recommend that the Court find that $3,240.00 in fees and costs are reasonable as to the first category.

> 2.    *Motion to Dismiss.*

The second category of fees are those for preparing the motion to dismiss and reply brief. Attorney Dunham avers that the fees related to litigating the Marianos' personal claims in this category by his law firm was $11,206.50. Doc. No. 85-1 ¶ 5. Attorney Smith avers that the fees related to litigating the Marianos' personal claims in this category by her law firm was $348.00. Doc. No. 85-3 ¶ 6.

The description of the work performed in the time sheets is not specific enough to determine the portion of the work related solely to the Marianos' personal capacity claims. Therefore, I will examine the motion to dismiss and reply brief to apportion the fees in this category.

A review of the motion to dismiss reveals that the majority of that motion dealt with the res judicata and collateral estoppel issues relevant to the case as a whole and not specifically to the Marianos' claims. Despite Defendants' assertions that 50% of the efforts regarding the motion to dismiss were directed at the Marianos' claims, the motion to dismiss itself reveals that Defendants spent 2.5 pages addressing the issue of corporate officers, owners and shareholders being bound

by res judicata and collateral estoppel of prior cases involving the corporation, Doc. No. 28 at 11-14; 1 page addressing the Marianos' individual claims, Doc. No. 28 at 15-16; and 1.5 pages addressing the issue that the Marianos' damages were the same as Treasure Coast's damages. Doc. No. 28 at 19-20. Review of Defendants' reply brief for the motion to dismiss, Doc. No. 43, reveals that none of that brief is related solely to the Marianos' claims. Therefore, there should be no award for that work.

In total, 5 pages of the 23.5 page motion to dismiss addressed the Marianos' claims. Accordingly, 21% (5 ÷ 23.5) of the motion to dismiss was related to the Marianos' claims. Therefore, I recommend that the Court award 21% of the total attorneys' fees incurred in preparing the motion to dismiss.

After review of the time sheets and the hours sought for work related to the motion to dismiss and reply brief, I find that Attorney Doroghazi reasonably worked 27.3 hours[2], Attorney Dunham reasonably worked 4.5 hours, Attorney Shonka reasonably worked 10 hours, Paralegal Celano reasonably worked 1 hour[3]; and Attorney Smith reasonably worked 0.8 hours. At their respective reasonable hourly rates, the total attorneys' fees for this work is $11,066.50.[4]

---

[2] Excluded from these hours is the 1.2 hours sought for work on 10/26. Attorney Doroghazi included in his summary two entries for work performed on that date, and the total of the two entries exceeds the total time Attorney Doroghazi worked on that date.

[3] All of the work performed by Paralegal Celano appears to be clerical in nature. She made revisions to documents (a word processing task), electronically filed documents, reviewed emails and organized and reviewed the file. Accordingly, the Court finds that none of the time worked by Paralegal Celano is compensable. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

[4] The total fee is computed as follows: Doroghazi (27.3 hours x $220 per hour = $6,006.00); Dunham (4.5 hours x $525.00 per hour = $2,362.50); Shonka (10 hours x $235.00 per hour = $2,350.00); Smith (0.8 hours x $435.00 = $348.00)

Awarding 21% of the total attorneys' fee results in a fee award for this work of $2,323.97 ($11,066.50 x .21).

       *3.     Motion for Sanctions.*

Turning to the third category, the time worked on the motion for sanctions and the reply briefs, Attorney Dunham averred that $10,499.50 in fees were incurred by his firm related to the Marianos' personal claims, and Attorney Smith averred that $1,435.50 in fees were incurred by her firm related to the Marianos' personal claims. Doc. No. 85-1 at 2; Doc. No. 85-3 ¶ 6.

The Court's review of the motion for sanctions reveals that 4.5 pages of the 20-page motion were related to the Marianos' claims. Doc. No. 37 at 12-14, 15-16, 18-20. A review of the reply brief on the motion for sanctions reveals that none of that motion specifically dealt with the Marianos' claims. Thus, 23% (4.5 ÷ 20) were related solely to the Marianos' claims.

After review of the time records, I find that Attorney Doroghazi reasonably worked 33.3 hours, Attorney Dunham reasonably worked 4.8 hours, Attorney Smith reasonably worked 2.7 hours.[5] At their respective reasonable hourly rates, the total attorneys' fees for this work is $11,020.50.[6] Awarding 23% of this total fee, results in a fee award in this category of $2,534.72 ($11,020.50 x .23).

---

[5] I have not included in these reasonable hour calculations 1.4 hours requested for work by Attorney Doroghazi on 2/18/11 because he recorded only 0.60 hours of work on that date, and the work does not appear to relate to the sanctions issue. No time is included for Paralegal Celano's work, which appears to be clerical in nature.

[6] The total attorneys' fee for this work is computed as follows: Doroghazi (33.3 hours x $220.00 hourly rate = $7,326.00); Dunham ( 4.8 hours x $525.00 hourly rate = $2,520.00); Smith (2.7 hours x $435.00 hourly rate = $1,174.50).

C.    <u>Total Sanctions Award</u>.

Based on the foregoing analysis, I recommend that the Court award Defendants $8,098.69

in sanctions as follows:

Category One Fees and Expenses:    $3,240.00

Category Two Fees:    $2,323.97

Category Three Fees:    $2,534.72

## IV.    RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendants' Memorandum of Law

Regarding Amount of Attorney's Fees, Doc. No. 85, be **GRANTED in part** and **DENIED in**

**part**.  I recommend that attorneys' fees and costs be awarded to Defendants in the amount of

$8,098.69, and that Court direct Plaintiffs' attorneys to tender that payment to Defendants within

fourteen days of the Court's issuance of a final order on the attorneys' fee issue.

Failure to file written objections to the proposed findings and recommendations contained

in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 26, 2011.

<u>*Karla R. Spaulding*</u>
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy